WO

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| United States of America, | No. CR-24-00910-TUC-SHR-MAA |
| Plaintiff, | **Order Denying Defendant's Motion in Limine** |
| v. | |
| Sharnesia Latrice Cooley, | |
| Defendant. | |

Pending before the Court is Defendant's Motion In Limine to preclude the Government from introducing evidence that her minor child was present in the vehicle at the time of the charged offenses pursuant to Rules 401 and 403 of the Federal Rules of Evidence. (Doc. 96.)[1] For the following reasons, the Court will deny Defendant's motion.

"A motion in limine is a procedural mechanism to limit in advance testimony or evidence in a particular area." *United States v. Heller*, 551 F.3d 1108, 1111 (9th Cir. 2009). A court will generally "grant a motion in limine and exclude evidence only if the evidence is 'inadmissible on all potential grounds.'" *Frost v. BNSF Ry. Co.*, 218 F. Supp. 3d 1122, 1133 (D. Mont. 2016) (citation omitted). Judges have broad discretion in ruling on motions in limine. *United States v. Bensimon*, 172 F.3d 1121, 1127 (9th Cir. 1999). "However, *in limine* rulings are not binding on the trial judge, and the judge may always change his mind during the course of a trial." *Ohler v. United States*, 529 U.S. 753, 758 n.3 (2000).

Rule 401 provides "[e]vidence is relevant if . . . it has any tendency to make a fact

---

[1] Defendant filed her initial motion in limine on this issue in July 2024 (Doc. 64) but subsequently amended her motion to include a statement of conferral with the Government (Doc. 96). Although the Government has not yet filed a response to Defendant's amended motion, because the substance of Defendant's motion remains the same, this Court references the Government's response to Defendant's original motion (Doc. 65).

more or less probable than it would be without the evidence" and "the fact is of consequence in determining the action." Under Rule 402, relevant evidence is admissible unless otherwise provided. Fed. R. Evid. 402. However, all relevant evidence is subject to the balancing test set forth in Rule 403, which provides that a court "may exclude relevant evidence if its probative value is substantially outweighed by a danger of . . . unfair prejudice."

Here, Defendant is charged with three counts of transportation of illegal aliens for profit placing in jeopardy the life of any person, as well as one count of conspiracy to commit transportation of illegal aliens based on the following facts. (Doc. 24.) In February 2024, Border Patrol Agents observed four suspected illegal aliens walking near the Mexican border. (Doc. 1 at 1.) These individuals got into Defendant's car, and the agents began to follow from a distance. (*Id.*) The individuals subsequently jumped out of the moving car and sustained serious injuries. (*Id.*) As the car crossed a bridge, another agent deployed spike strips, puncturing three of the car's tires. (*Id.*) The car came to a stop, and agents arrested Defendant, who had been driving and whose two-year-old son was present in the back seat. (*Id.*) Defendant stated her co-defendant Mariana Garcia-Tapia had asked her to drive to the border to pick up drugs. (*Id.* at 2.) Defendant claimed Garcia, who had been riding in the back seat, told her to stop on the side of the road, and, after Defendant complied, she heard the back doors of the car open and people speaking Spanish. (*Id.*) Defendant told agents she heard the back doors open again after she began driving but did not know what had happened to the four individuals. (*Id.*)

In moving to preclude evidence of her child's presence in the car, Defendant argues this evidence is irrelevant because it has no bearing on "whether she knew or acted in reckless disregard that the aliens in her vehicle were illegally present in the country," "whether she was transporting the aliens," or "whether she caused injury to or placed in jeopardy the life of the same aliens." (Doc. 96 at 3–4.) Further, she argues, even if relevant, the evidence is more prejudicial than probative. (*Id.* at 4–5.) The Government responds the presence of Defendant's minor child is relevant and integral to its case because it

establishes Defendant's "knowledge, intent and scheme or plan."[2] (Doc. 65 at 6.) Specifically, the Government argues it "cuts against common sense" that Defendant would put her child at risk by allowing "three adults and one minor who were strangers [to] get into the back of her van with her child" unless she "was receiving some benefit and . . . knew this [was] part of a predetermined plan." (*Id.* at 5.) Moreover, it contends, the evidence contradicts Defendant's statements to agents she was not aware of what was happening in the back seat because "any parent would naturally check on their child's welfare" under those circumstances. (*Id.* at 5–6.)

Defendant is charged with alien smuggling and conspiracy to commit alien smuggling in violation of 8 U.S.C. § 1324(a)(1)(A)(ii), (v)(I), (B)(i), (B)(iii). These offenses require proof that, among other things, Defendant knew or recklessly disregarded the fact that the aliens were illegally in the United States and transported the aliens within the United States intending to further that unlawful purpose. Contrary to Defendant's argument, evidence her child was present in the back seat of the car is relevant to rebut her purported lack of knowledge regarding the charged offenses. *See* Fed. R. Evid. 401. Defendant has not shown the probative value of this evidence is substantially outweighed by the danger of unfair prejudice. *See* Fed. R. Evid. 403; *United States v. Vosburgh*, 602 F.3d 512, 537 (3d Cir. 2010) (Rule 403 balancing lies within the "broad discretion" of the district court based on the factual circumstances of each case.). Accordingly,

**IT IS ORDERED** Defendant's Motion in Limine (Doc. 96) is **DENIED**.

Dated this 11th day of October, 2024.

Honorable Scott H. Rash
United States District Judge

---

[2] The Government asserts it intends to present expert testimony at trial regarding "ways in which individuals transporting illegal aliens attempt to evade law enforcement," including "bringing minor children during the offense to alleviate law enforcement suspicion." (Doc. 65 at 5.) Because Defendant's motion only seeks preclusion of the fact the child was present in the car, and introduction of expert testimony is not currently at issue, this ruling does not address the separate issue of whether the Government's proposed expert testimony is admissible.